[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13751
Non-Argument Calendar
_____

Agency No. A088-799-454

JOSE LUIS CONTRERAS ROSALES,
BETSSY G. IBANEZ BARRIOS,

Petitioners,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 13, 2013)

Before BARKETT, MARCUS, and PRYOR, Circuit Judges.

PER CURIAM:

Jose Contreras Rosales ("Contreras") and Betssy Ibanez Barrios ("Ibanez"), both natives and citizens of Venezuela, petition for review of the Board of Immigration Appeals' ("BIA") final order dismissing the appeal of the Immigration Judge's ("IJ") denial of their applications for withholding of removal under the Immigration and Nationality Act ("INA") § 241(b)(3), 8 U.S.C. § 1231(b)(3), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).

After the Department of Homeland Security ("DHS") issued Contreras and Ibanez notices to appear alleging removability under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), Contreras and Ibanez conceded removability and filed separate but substantially identical applications for withholding of removal and relief under CAT.  At the removal hearing, Contreras testified on behalf of himself and Ibanez.[1] The IJ found that Contreras's testimony was credible as far as it went, but concluded that Contreras and Ibanez failed to provide sufficient evidence in

---

[1] He testified that he is a member of the Democratic Action party, a political party in Venezuela that is opposed to the current government.  In 2002, he signed a petition seeking a recall referendum against then-President Hugo Chavez, and in 2008, while living in the United States, he signed a list of Venezuelans expressing opposition to the Chavez government.  He described numerous robberies, kidnappings, and other crimes that happened to various friends and relatives.  As to himself and Ibanez, he testified that in 2007 or 2008 a group attempted to invade Contreras and Ibanez's Venezuelan home before being turned away by neighbors and the police, and that the Venezuelan Consul stated that Venezuelans who signed the 2008 list expressing opposition to the government would not have their passports renewed.

support of certain key facts necessary to establish eligibility for withholding of removal.  On appeal, the BIA agreed with the IJ.  This appeal followed.[2]

We review the decision of the BIA, as well as the decision of the IJ to the extent that the BIA expressly adopted the opinion of the IJ.  Ayala v. U.S. Att'y Gen., 605 F.3d 941, 947-48 (11th Cir. 2010).  We review factual determinations under the substantial evidence test, which means "we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  Diallo v. U.S. Att'y Gen., 596 F.3d 1329, 1332 (11th Cir. 2010).

Under the INA, an alien shall not be removed to a country if her life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.  INA § 241(b)(3), 8 U.S.C. § 1231(b)(3).  To qualify for withholding of removal, "[t]he alien bears the burden of demonstrating that it is more likely than not she will be persecuted or tortured upon being returned to her country."  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005) (quotation marks and citation

---

[2] On appeal, Contreras and Ibanez argue that the IJ and BIA erred in requiring corroborating evidence because Contreras's testimony was found to be credible and, therefore, sufficient to sustain their burden of proof.  It is true that under the REAL ID Act, "[t]he testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee."  INA § 258(b)(1)(B)(ii), 8 U.S.C. § 1158(b)(1)(B)(ii).  However, here, the testimony was insufficient to demonstrate that Contreras is a refugee.

omitted).  An applicant for withholding of removal may establish her burden of proof in two ways.  Tan v. U.S. Att'y Gen., 446 F.3d 1369, 1375 (11th Cir. 2006).  "First, an alien may establish past persecution in her country based on a protected ground."  Id. (quotation marks and brackets omitted).  Second, an alien who has not shown past persecution "is entitled to withholding of removal if she establishes that it is more likely than not that she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion upon removal to that country."  Id. (quotation marks and brackets omitted).

Here, Contreras and Ibanez's claim regarding past persecution is predicated on the Venezuelan Consul's statement that those who signed against the government, as Contreras and Ibanez allegedly did, would not have their passports renewed.  However, they failed to demonstrate that they were in fact unable to get their passports renewed.  The IJ asked Contreras directly whether he had tried to renew his passport, and Contreras replied, "I'm going to, I'm going to try to go tomorrow."

As to a clear probability of future persecution, Contreras and Ibanez provided evidence related to other people and no evidence directly related to them.[3]  They provided evidence of kidnappings, robberies, assaults, shootings, and

---

[3] Contreras and Ibanez argue, for the first time on appeal, that they established a pattern or practice of persecution of similarly situated individuals by showing that they are opponents of the Chavez government and the Chavez government has persecuted its opponents.  They failed to

4

drunk driving accidents, which all fall under the umbrella of "criminal activity" or" "private violence" that "does not constitute evidence of persecution based on a statutorily protected ground." See Ruiz v. U.S. Att'y Gen., 440 F.3d 1247, 1258 (11th Cir. 2006). They presented no evidence suggesting that they would be singled out for persecution, and they were not harassed in any way while in Venezuela after signing the petition for the recall referendum in 2002. Contreras stated that his brother lives in Venezuela and is on the Tascon List, but admitted that his brother has never been harmed or threatened. There is no evidence that Contreras and Ibanez are on the Tascon List other than Contreras's uncorroborated assumption that they are on the list because they signed the recall referendum petition in 2002 and the list expressing opposition to the Venezuelan government in 2008. But they were not persecuted in Venezuela after the signing the petition in 2002. Accordingly, substantial evidence supports the IJ and BIA's conclusion that Contreras and Ibanez failed to establish statutory entitlement to withholding of removal based on past persecution or a clear probability of future persecution.

For the foregoing reasons, we deny the petition as to withholding of removal and dismiss the petition for lack of jurisdiction as to the CAT claim.[4]

---

argue that there was a pattern or practice of persecution of similarly situated individuals to the BIA, and, therefore, we lack jurisdiction to review the pattern or practice argument because it is unexhausted. Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006).

[4] Although Contreras and Ibanez did not raise the issue before the BIA, the BIA sua sponte affirmed the IJ's denial of the claim for CAT relief. We lack jurisdiction to review Contreras and Ibanez's CAT claim, because Contreras and Ibanez failed to raise the issue before

**PETITION DENIED IN PART AND DISMISSED IN PART.**

---

the BIA, and, thus, it is unexhausted.  See Amaya-Artunduaga, 463 F.3d at 1250 (holding that the Court of Appeals lacks jurisdiction to consider a claim not raised before the BIA, even when the BIA sua sponte considers the claim).